# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>MANUEL DIAZ, CARLA E. PATTON, and DOES 1 to 10 INCLUSIVE,<br><br>　　　　　Defendants. | Case No.: 1:11-cv-001093 LJO JLT<br><br>FINDINGS AND RECOMMENDATIONS GRANTING PLAINTIFF'S MOTION TO REMAND THE MATTER TO THE KERN COUNTY SUPERIOR COURT AND TO DISMISS THE MATTER<br><br>(Doc. 11) |

Currently before the Court is a motion to remand the action filed by plaintiff Federal National Mortgage Association ("Plaintiff"). (Doc. 11). Plaintiff asserts the Court lacks jurisdiction over the action, which was removed on July 1, 2011 by Manuel Diaz. (Docs. 1-2). For the following reasons, the Court recommends the motion to remand be **GRANTED**.

**I.  Factual and Procedural History**

Plaintiff commenced this action by filing a complaint for unlawful detainer in Kern County Superior Court against Manuel Diaz and Carla Patton on April 13, 2011, in case no. S-1500-CL-258437. (Doc. 2 at 1). The underlying state court complaint alleges that on March 7, 2011, Plaintiff purchased the real property located at 7101 Cedarcrest Avenue, Bakersfield, CA at a foreclosure sale. *Id.* at 12-13. Defendants Manuel Diaz and Carla Patton ("Defendants") were served with a Notice to Quit the premises on April 6, 2011. *Id.* at 13. However, Defendants failed to leave the

property. *Id.* Plaintiff sought possession of the property and rental value in the amount of $40.00 per day, beginning on April 12, 2011. (Doc. 2 at 14). Notably, in the caption of the complaint, Plaintiff asserted the damages demanded totaled less than $10,000. *Id.* at 12. According to Plaintiff, Defendant filed a demurrer to the complaint, which was overruled by the court on May 24, 2011.[1] (Doc. 8 at 2-3). On June 2, 2011, and defendants filed and answer, and a trial was set for July 5, 2011. *Id.*

On July 1, 2011, Manuel Diaz ("Diaz") filed a Notice of Removal, thereby commencing the action in this Court. (Doc. 1). A "Corrected Notice of Removal" was filed on July 5, 2011. (Doc. 2). Diaz asserts he has not been properly served with a summons, and service is an issue in the case. *Id.* at 3. In addition, Diaz alleges the Court has jurisdiction because the action is a quiet title action. *Id.* at 5. According to Diaz, "The federal courts are required to intervene [and] protect the said fundamental state [and] federal rights to due process of law before the home [and] land of petitioner can be taken, which has not been done, which now gives rise to a federal cause of action to obtain due process of law . . ." *Id.* at 5-6.

## II. Removal to the District Court

A party seeking removal must file a notice of removal of a civil action within thirty days of receipt of a copy of the initial pleading. *Id.* at § 1446(b). Generally, a defendant has the right to remove a matter to federal court where the district court would have original jurisdiction pursuant to 28 U.S.C. § 1441(a). Removal statutes are to be strictly construed, and any doubts are to be resolved in favor of state court jurisdiction and remand. *See Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of proving its propriety. *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996); *Abrego v. Dow Chem. Co.*, 443 F.3d 676, 683-85 (9th Cir. 2006); *see also Calif. ex. rel. Lockyer v. Dynegy, Inc.*, 2274 F.3d 831, 838 ("the burden of establishing federal jurisdiction falls to the party invoking the statute").

The Court may remand an action to state court for lack of subject matter jurisdiction or for

---

[1] Plaintiff presents no evidence to support these assertions nor does Plaintiff request the Court take judicial notice of the docket in Kern County Superior Court case number S-1500-CL-258437. Moreover, the Court was unable to take judicial notice on its own motion because the docket in case number S-1500-CL-258437 is not available online. Therefore, the Court disregards Plaintiff's unsupported assertions of fact.

defect in the removal procedure. 28 U.S.C. § 1447(c). A party opposing removal on the basis of a procedural defect must make a motion to remand within thirty days of the filing of the notice of removal. *Id.*

### III. Discussion and Analysis

A. Removal of the action violates the "rule of unanimity."

In cases involving multiple defendants, such as the current matter, the "rule of unanimity" requires that all defendants must join in a removal petition. *Wisconsin Dept of Corrections v. Schacht*, 524 U.S. 381, 393 (1998), citing *Chicago, Rock Island, & Pacific Railway Co. v. Martin*, 178 U.S. 245, 248 (1900). "One defendant's timely removal notice containing an averment of the other defendants' consent and signed by an attorney of record is sufficient." *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1225 (9th Cir. 2009). However, in his notice of removal, Diaz fails to acknowledge his co-defendant, and fails to indicate Carla Patton joins or consents to the removal. Therefore, the notice of removal is defective.

B. The district court lacks subject matter and diversity jurisdiction.

As the party seeking removal, Diaz "bears the burden of actually proving the facts to support jurisdiction, including the jurisdictional amount." *Sanchez v. Monumental Life Ins.*, 102 F.3d 398, 403 (9th Cir. 1996), *citing Gaus*, 980 F.2d at 677-67. Diaz alleges the Court has jurisdiction because the action is a quiet title action. *Id.* at 5. According to Diaz, "The federal courts are required to intervene [and] protect the said fundamental state [and] federal rights to due process of law before the home [and] land of petitioner can be taken, which has not been done, which now gives rise to a federal cause of action to obtain due process of law . . ." *Id.* at 5-6. However, issues of title "may not transmute an unlawful detainer action into a quiet title action." *Fannie May v. Lemon*, 2011 U.S. Dist. LEXIS 82052, at *17 (C.D. Cal. July 26, 2011), citing *Evans v. Superior Court*, 67 Cal.App.3d 162, 170-71 (1977). Therefore, this allegation does give the Court subject matter jurisdiction.

In addition, Diaz asserts that subject matter jurisdiction exists based upon Defendant is somehow a federal agency and that the United States is a real party in interest (*see* Doc. 2 at 1-2). However, this Court explained previously:

While courts are split over whether Fannie Mae's[2] charter confers federal jurisdiction, courts in the Eastern District have concluded that there must be an independent basis of jurisdiction because the language in the charter includes the phrase "any court of competent jurisdiction" and courts have declined to construe that language as creating a grant of jurisdiction.

*Fannie Mae v. Ortega*, 2011 U.S. Dist. LEXIS 51577, at *6-7 (E.D. Cal. May 13, 2011)), citing *Fannie Mae v. Cabesas*, 2011 U.S. Dist. LEXIS 20648 (E.D. Cal. March 2, 2011); *Federal National Mortgage Ass'n v. Bridgeman*, 2010 U.S. Dist. LEXIS 134498 (E.D. Cal. Dec. 20, 2010). Therefore, Diaz' assertions that the defendant is a federal agency and the United States is a party fail to confer federal jurisdiction.

Importantly, the determination of federal question jurisdiction "is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of plaintiff's properly pleaded complaint." *Caterpillar*, 482 U.S. at 392). Therefore, the complaint must establish "either that [1] federal law creates the cause of action or that [2] the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Williston Basin Interstate Pipeline Co. v. An Exclusive Gas Storage Leasehold & Easement*, 524 F.3d 1090, 1100 (9th Cir. 2008), quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983). Here, the complaint filed in state court was an action for unlawful detainer, which arises under state law. *See Fannie Mae v. Suarez*, 2011 U.S. Dist. LEXIS 82300, at *6 (E.D. Cal. July 27, 2011) ("Unlawful detainer actions are strictly within the province of state court"); *Deutsche Bank Nat'l Trust Co v. Leonardo*, 2011 U.S. Dist. LEXIS 83854, at *2 (C.D. Cal. Aug. 1, 2011) ("the complaint only asserts a claim for unlawful detainer, a cause of action that is purely a matter of state law"). Moreover, to have diversity jurisdiction, the amount in controversy must exceed the sum or value of $75,000. 28 U.S.C. § 1332(a). Review of the state court complaint indicates the amount sought by Plaintiff in the action was less than $10,000. (Doc. 2, Ex. 1). Therefore, the Court lacks subject matter and diversity jurisdiction.

///

///

---

[2] Federal National Mortgage Association is also known as Fannie Mae. *See Fannie Mae*, 2011 U.S. Dist. LEXIS 51577, at *6 n.3.

## VI. Request for Attorney Fees and Sanctions

A court "may require payment of just costs and any actual expenses, including attorney's fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). Fee shifting is not automatic, and "the standard for awarding fees should turn on the reasonableness of the removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140-41 (2005). The relevant inquiry is whether the party had "an objectively reasonable basis" for removal. *Id.*; *Gardner v. UICI*, 508 F.3d 559, 562 (9th Cir. 2007). The Ninth Circuit cautioned: "removal is not objectively unreasonable solely because the removing party's arguments lack merit, or else attorney's fees would always be awarded whenever remand is granted." *Lussier v. Dollar Tree Stores, Inc.*, 518 F.3d 1062, 1065 (9th Cir. 2008).

Plaintiff asserts Diaz should be sanctioned the "baseless removal" of the action to federal court. According to Plaintiff, the removal by Diaz was frivolous: "Not only are his assertions absurd and completely unfounded, [his] Motion for Removal to Federal Court was a tactic designed to stall the Unlawful Detainer Action and further delay his legal obligation to vacate Plaintiff's property while continuing to live in the property for free." (Doc.11 at 6). In addition, Plaintiff contends the removal was "a bad faith maneuver to stall a lawful eviction and as such is an abuse of Court processes." *Id*.

In determining whether to award sanctions in a case involving improper removal by pro se defendants, the Court may accord significant weight to the defendants' lack of counsel. *See, e.g., GMAC Mortg., LLC v. Bruce*, 2010 U.S. Dist. LEXIS 82555, at *14 (E.D. Cal. Aug. 5, 2010) ("the undersigned cannot conclude that defendants, who are not attorneys and are proceeding without counsel, lacked an objectively reasonable basis for removal. Defendants believed that subject matter jurisdiction existed by reason of their potential counterclaims, but were mistaken."); *OneWest Bank, FSB v. Mohr*, 2010 U.S. Dist. LEXIS 79535 (N.D. Cal. July 7, 2010) (declining to award attorney fees because defendants did not have the "benefit of legal counsel," though removal was untimely and it would have been "readily apparent" to an attorney that the removal lacked a reasonable basis); *Citibank, N.A. v. Ortiz*, 2008 U.S. Dist. LEXIS 86925 (S.D. Cal. Oct. 28, 2008). Given the *pro se* status of Diaz, his belief that federal court review was proper and the split of authorities regarding

the Court's jurisdiction over Fannie Mae, the Court does not conclude that Diaz acted without any reasonable basis to remove this matter.

On the other hand, as noted above, Plaintiff failed to provide any evidence to support its contentions outlined in the motion to remand. Thus, the Court could rely only upon the documents attached to the petition for removal. Because of the lack of information regarding the status of unlawful detainer action at the time it was removed or the case's procedural posture at the time, the Court cannot conclude that Diaz acted in bad faith in seeking to remove the action. Therefore, Plaintiff's request for attorney fees and sanctions is **DENIED**.

## V. Findings and Recommendations

Diaz's removal was procedurally defective because he failed to indicate his co-defendant joins or consents to the removal. Moreover, even if the removal was timely and followed the proper procedure, Diaz failed to establish the Court has either subject matter jurisdiction or diversity jurisdiction. Though his arguments lacked merit, Diaz lacked the benefit of counsel regarding removal procedure and jurisdictional issues. Therefore, the Court declines to recommend an award of attorney fees or sanctions.

Based upon the foregoing, the Court hereby **RECOMMENDS**:

1. Plaintiff's motion for remand be **GRANTED**;
2. Plaintiff's request for attorneys fees and costs be **DENIED**;
3. The matter be **REMANDED** to the Kern County Superior Court; and
4. Because the order remanding this matter to state court concludes this case, the Clerk of the Court be directed to close this matter.

These Findings and Recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

///

1  Failure to file objections within the specified time may waive the right to appeal the District
2  Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

4  IT IS SO ORDERED.
5  Dated:  **September 19, 2011**                                     **/s/ Jennifer L. Thurston**
                                                               UNITED STATES MAGISTRATE JUDGE