IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FEDERAL NATIONAL MORTGAGE ASSOCIATION,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>MANUEL DIAZ, CARLA E. PATTON, and DOES 1 to 10 INCLUSIVE,<br><br>　　　　Defendants. | Case No.: 1:11-cv-001093 LJO JLT<br><br>ORDER ADOPTING THE FINDINGS AND RECOMMENDATIONS GRANTING PLAINTIFF'S MOTION TO REMAND THE MATTER TO THE KERN COUNTY SUPERIOR COURT AND TO DISMISS THE MATTER<br><br>(Doc. 14) |

Manuel Diaz ("Diaz") removed an unlawful detainer action filed in Kern County Superior Court by the plaintiff, Federal Home Loan Mortgage Corporation. (Doc. 1). Plaintiff Federal National Mortgage Association ("Plaintiff") seeks to remand the action to Kern County Superior Court. (Doc. 11). On August 16, 2011, the Magistrate Judge recommended Plaintiff's motion to remand the matter to Kern County Superior Court be granted. (Doc. 14). The Magistrate Judge found the notice of removal was procedurally defective because it violated the "rule of unanimity." Further, the Magistrate Judge determined Diaz failed to establish any basis for federal court jurisdiction.

To remove a case to federal court in cases involving multiple defendants, such as the current matter, the "rule of unanimity" requires that all defendants must join in a removal petition. *Wisconsin Dept of Corrections v. Schacht*, 524 U.S. 381, 393 (1998), citing *Chicago, Rock Island, &*

1  *Pacific Railway Co. v. Martin*, 178 U.S. 245, 248 (1900).  The Magistrate Judge found Diaz failed to
2  indicate his co-defendant joins or consents to the removal.
3         As the party seeking removal to the federal Court, Diaz "bears the burden of actually proving
4  the facts to support jurisdiction, including the jurisdictional amount." *Sanchez v. Monumental Life*
5  *Ins.*, 102 F.3d 398, 403 (9th Cir. 1996), *citing Gaus v. Miles*, 980 F.2d 564, 566-67 (9th Cir. 1992).
6  The Magistrate Judge found that the underlying complaint in the unlawful detainer action establishes
7  the Court lacks jurisdiction, because an unlawful detainer action arises under state law. *See*
8  *Deutsche Bank Nat'l Trust Co v. Solih Jora*, 2010 U.S. Dist. LEXIS 105453, at *4 (E.D. Cal. Oct. 1,
9  2010).  Further, to have diversity jurisdiction, the amount in controversy must exceed the sum or
10 value of $75,000.  28 U.S.C. § 1332(a).  However, the Magistrate Judge reviewed the state court
11 docket, and found it indicates the amount sought by Plaintiff in the action was less than $10,000.
12 (Doc. 18 at 4). Therefore, the Magistrate Judge concluded the Court lacks subject matter and
13 diversity jurisdiction. *Id.*
14        The Magistrate Judge noted Diaz was proceeding *pro se* and did not have the benefit of
15 counsel.  (Doc. 14 at 5).   Further, the Magistrate Judge noted Plaintiff failed to provide evidence to
16 support its contentions in the motion to remand, and that the Court was unable to conclude Diaz
17 acted in bad faith.  Therefore, the Magistrate Judge recommended Plaintiff's request for attorney fees
18 and sanctions be denied. *Id.* at 6.
19        Although the parties were granted twenty-one days from September 19, 2011, or until
20 October 11, 2011, to file objections to the Magistrate Judge's Findings and Recommendations, no
21 objections were filed by Plaintiff or Diaz.  Notably, the parties were advised that failure to file
22 objections within the specified time may waive the right to appeal the Court's order.  (Doc. 14 at 7).
23        In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C) and *Britt v. Simi Valley*
24 *United School Dist.*, 708 F.2d 452, 454 (9th Cir. 1983), this Court has conducted a *de novo* review of
25 the case.  Having carefully reviewed the entire file, the Court finds that the findings and
26 recommendation are supported by the record and by proper analysis.
27 ///
28 ///

Accordingly, **IT IS HEREBY ORDERED** that:

1. The Findings and Recommendations filed September 19, 2011, are **ADOPTED IN FULL**;
2. The matter is **REMANDED** to the Kern County Superior Court; and
3. The Clerk of Court **IS DIRECTED** to close this action because this order terminates the action in its entirety.

IT IS SO ORDERED.

Dated:   October 12, 2011             /s/ Lawrence J. O'Neill
                                      UNITED STATES DISTRICT JUDGE